# HARRIS & COLE BROS. v. THE ROYAL CANADIAN INSURANCE COMPANY.

1. **Insurance:** CONSTRUCTION OF POLICY: DESCRIPTION. A policy of insurance was issued by defendant upon certain goods "contained in the one-story frame building situated on the north side of the public square," etc. The owners removed the goods during the continuance of the policy to another building which answered the same description as given in the policy, where they were destroyed: *Held*, that the building was sufficiently identified in the policy, and the removal of the goods, without the consent of the defendant, was a violation of the contract of insurance which rendered the policy void.

2. ———: CONTRACT: PROOF OF LOSS. The policy contained the provision that in case of loss the holders should state under oath, in making proof, that the property was contained in the building or premises described in the policy. The plaintiffs not having made such statement in their proofs, it was held that such fact would defeat a recovery.

3. ———: ———: RETENTION OF PREMIUM. The fact that the defendant received the premium for the whole time would not authorize a recovery by the plaintiffs, the policy being forfeited entirely by their own unauthorized acts.

*Appeal from Webster Circuit Court.*

TUESDAY, APRIL 6.

THE defendant issued its policy of insurance to the plaintiffs, by which it contracted to insure the plaintiffs against loss or damage by fire to certain goods and chattels. The property is described in the policy as follows: "* * * their stock of pumps, lightning rods, wagons, cutters and pump tools, contained in the one story frame building situated on the north side of the public square, and west of 4th street, Fort Dodge, Iowa."

It was further provided in the policy that in case of loss or damage by fire, and in making proof of loss, "the assured shall further state, on oath, in his proofs of loss that all the merchandise and personal property for which claim is made was at the time of the fire contained in the building or premises described in said policy * * *."

The insurance was effected in March, 1876, and was for one year. In October, 1876, the plaintiff removed the insured property to another one story frame building about thirty feet distant from that in which the goods were when insured, and shortly after the removal the building to which the property was removed, and the insured goods, were destroyed by fire. Plaintiffs made proofs of loss, but did not state on oath that the property when destroyed was in the same building described in the policy. Defendant refused to pay the loss, and this action was brought to recover $600, being the amount of the policy.

There was a trial to the court and a judgment for the defendant. Plaintiffs appeal.

*O'Connell & Springer*, for appellant.

*A. N. Botsford*, for appellee.

ROTHROCK, J.—I. It is not denied that, if there had been a specified escription of the one story frame building on the north side of the public square, west of Fourth street, set out in the policy, a removal of the property insured to another building would have avoided the policy. But it is insisted that as no particular building is described in the policy the removal to another building answering the same general description, as to structure and location, was no violation of the contract of insurance. We think the building was described in such a manner that there could be no mistake as to its location. Contracts of insurance must be construed by the same rules as other contracts. If the defendant had made a lease to the plaintiffs of property, describing it as the one story building containing their goods, and on the north side of the public square and west of Fourth street, in Fort Dodge, it would not be claimed that plaintiffs would have the right to remove their goods into another building and maintain that that was the one which was leased. In our opinion the language used by the parties in describing the

1. INSURANCE: construction of policy: description.

situation must be regarded as a warranty, not only that the property was in a certain building, but that it would continue to remain therein. *McClure v. The Girard Insurance Company*, 43 Iowa, 349, and authorities cited. It may be proper to observe that there is nothing in the character of the property, nor in the nature of its use, that would warrant the inference that the parties contemplated it should at times be used or kept at a place other than that where it was situated when the insurance was effected.

We arrive at the conclusion that the policy became void upon the removal of the property, because there was a warranty that it should remain in the building where it was when insured. If, however, the clause of the policy under consideration were not sufficient to defeat the action, we are unable to see how there can be a recovery because the plaintiffs further stipulated that their proof of loss should show that the property was at the time of the fire contained in the building described in the policy. We know of no reason why this clause of the policy is not binding upon the parties. It is, in effect, a plain stipulation that the property should not be removed.

II. It is urged that, as the premium for the whole period was paid, the removal of the goods did not necessarily terminate the contract of insurance; that it only authorized the insurer to rescind the contract if it desired to do so, and that no offer has been made to return the unearned premium. It is not claimed that the policy remained in force by reason of the defendant's knowledge and acquiescence in the removal of the property. If such claim should be made it might be competent to show, in connection with other facts, that the defendant retained the unearned premium. But we are unable to see how plaintiffs can recover upon a contract which their own act avoided. The defendant has done no act to avoid the contract, but has, so far as this record shows, held itself in readiness to perform all it stipulated to perform.

AFFIRMED.