HARLE, HAAS & CO. ET AL. v. THE COUNCIL BLUFFS INS. CO.

1. **Fire Insurance:** FAILURE TO PAY PREMIUM NOTE: FORFEITURE: WAIVER: AGENCY: FRAUD. The policy in question provided that the company should not be liable for any loss accruing while any premium note remained overdue and unpaid. The policy would be forfeited unless a premium note was paid by May 15. The insured lived at K., and was postmaster there, but the company did not know that he was postmaster. There being no bank at K., the company, according to its custom in such cases, sent the note, on the 7th of May, to the postmaster for collection. On the 25th of May, the postmaster, in the presence of two witnesses, took the note out of the safe and destroyed it, and put in its place the amount of money necessary to pay it. On the next day the loss occurred. On the 3d of the following June he wrote to the company enclosing the identical money which he had deposited in the safe, which the company received and retained in payment of the note. He did not sign his name to the letter, but subscribed himself simply "Postmaster, K, Iowa." The company did not at this time know that a loss had occurred. *Held*—

    (1) That the policy was forfeited on the 15th of May by the non-payment of the note at that time.

    (2) That, although the company sent the note to the postmaster for collection, yet, since the postmaster and the insured were identical, the law will not regard him as the agent of the company to make a collection from himself; and that his act in taking payment from himself after the forfeiture of the policy was not binding on the company, and was not a waiver by the company of the forfeiture.

    (3) That the conduct of the insured amounted to a fraud, from which the law will not allow him to reap a benefit.

*Appeal from Pottawattamie District Court.*

TUESDAY, MARCH 15.

ACTION on a policy of insurance against loss by fire, issued by the defendant to one French, who, after the loss, assigned

his right of action to the plaintiffs.  The defendant pleaded that the premium was not paid in cash, but that the insured gave two notes therefor, and that the policy provides " that no insurance, whether original or continued, shall be considered as binding until the actual payment of the premiums; nor shall this company be liable for any loss under this policy occurring when any note, or any part thereof, given for a part or whole of the premium, shall be due and unpaid.' The defendant further pleaded that the note first falling due had been paid, and that the defendant had given the notice required by statute, but that said French had failed to pay the second note, and that the same was due and unpaid at the time the loss occurred.  Trial to the court, judgment for the plaintiffs, and the defendant appeals.

*Sapp & Pusey*, for appellant.

*Wright, Baldwin & Haldane*, for appellees.

SEEVERS, J.—This action was submitted to the court upon an agreed statement of facts, the material portions of which are as follows: The note was due on the first day of April, 1884.  On the first day of March, 1884, the defendant notified French in writing that the note would fall due at the time above stated, and that, unless it was paid in thirty days, said policy would be suspended.  On the fourteenth day of April, 1884, the defendant notified French that "said note had become due April 1, 1884; that, unless it was paid within thirty days from the date of said notice, said policy would be suspended; and in said notice also informed him of the customary short rate and expenses of said policy up to the maturity of said note;" which notice "was received by French on the fifteenth day of April, 1884."  The notice is attached to and made a part of the statement of facts.

The property insured was in Kirkman, and French resided there, and was postmaster.  There was no bank at Kirkman, and it was the custom and usage of the defendant in

such case to send notes for collection to the postmaster. On May 7, 1884, the defendant forwarded the note to the postmaster at Kirkman for collection, with instructions to collect the same, and to explain to the party holding the policy that it was suspended. At said time French was such postmaster, (but the defendant did not know this fact,) and as such received the note. The loss occurred on May 26, 1884, and on the preceding day French took the note out of his safe in his store in which he had deposited it for safe-keeping, and " canceled the same, and tore off his signature thereto, and in place thereof deposited in said safe, in the same compartment where he kept said note, and separate and apart from his other money, the exact amount in money necessary to pay his said note which he had canceled." This was done in the presence of two witnesses, to whom, at the time of so doing, French said: " Well, there is another note paid."

On the third day of June, 1884, French, " in a letter written by him to the defendant, forwarded the identical money which he had deposited in his safe to the defendant in payment of his note, which the defendant received in payment thereof, and has since retained; " but defendant did not know that the property insured had been destroyed, or of the acts and declarations of French, made when the note was canceled. A copy of the letter inclosing the money is attached to and made a part of the statement of facts.

I. The first question discussed by counsel is, whether the defendant, in sending the note for collection, made French its agent, so that it is bound by his acts, declarations and payment made to himself. It will be observed that the note was sent to the postmaster, and a large discretion was reposed in him, for he was directed to employ the same means to collect the note " you would if it were your own." French being such postmaster, the note came into his possession, and the plaintiffs claim that he paid it to himself prior to the loss. It is a fundamental rule that, where a discretion is reposed in one person by another, the former cannot, at the same

time, perform the duty incumbent on him as the agent of the latter, and act for himself as principal. In such case he has antagonistic duties to fulfill, and the rights of his principal must necessarily conflict with his individual rights. In this case he might well conclude, as agent, to postpone all efforts to enforce payment of the note until he, as the maker, became insolvent. The thirty days' notice required by the statute expired on May 15th, and the claimed payment was made on the twenty-fifth of the same month. Between these dates the policy was suspended, and, if a loss had occurred, it must be conceded, we think, that there could not have been a recovery. The payment, if such it is conceded to be, would amount to a waiver. If French was the agent of the defendant, we are not prepared to say that he would not have such power.

The law will not permit a man to occupy such inconsistent positions, or represent such antagonistic rights, or perform such duties. Story, Ag. §§ 210, 212: French had no authority to determine that he would waive the suspension of the policy. He, in fact, could not do so. For this purpose he was not the agent of defendant. Therefore, the defendant is not bound by the payment made by French to himself, or by his acts and declarations at that time. The inquiry, it seems to us, is pertinent, why French did not at that time do what he afterwards did,—forward the money to the defendant.

II. The condition in the policy upon which the defendant relies is valid, and cannot be disregarded except as provided by statute. *Watrous v. Mississippi Valley Ins. Co.*, 35 Iowa, 582; *Garlick v. Same*, 44 Id., 553. The statute simply provides that the condition shall not take effect until thirty days after a specified notice has been served. Chapter 210, Laws Eighteenth Gen. Assem.

To our minds, several exceedingly technical objections are made as to the sufficiency of the notice under the statute. We shall not stop to discuss them; deeming it sufficient to

say that the notice is, in all respects, sufficient, and is clearly, in our opinion, a substantial compliance with the statute.

III. Eight days after the loss French forwarded money sufficient to pay the note to the defendant, which it received. At that time defendant had no knowledge of the loss, nor did it know that the money was forwarded by French. The letter inclosing it was signed "POSTMASTER, Kirkman, Iowa." Because of the non-payment of the note on or before May 15, 1884, the policy was suspended after that date. It is perfectly clear, we think, that the receipt of the money, and its retention under the circumstances, could not amount to a waiver, or reinstate the policy in force as a binding contract of insurance. The policy had lapsed solely through the fault and neglect of French. The property had been destroyed. The subject matter of the contract was not in existence. This French knew, but the defendant did not. It received the money under a mistake of fact. Good faith and fair dealing on the part of French required that he should have notified the defendant that the property had been destroyed, and we think his suppression of such fact amounted to a fraud; and, as no one can be permitted to reap a benefit through or by means of a fraud perpetrated by him, therefore plaintiffs cannot recover. But the failure of French to pay the premium had the effect to render the policy void, so far as the right to recover thereon is concerned. The defendant has done nothing to avoid the contract, but has been ready at all times to perform it. In principle this case is like *Harris v. Royal Canadian Ins. Co.*, 53 Iowa, 236. See, also, *Pritchard v. Merchants' & Tradesman's Mut. Life Assur. Soc.*, 3 C. B. (N. S.) 622.

It may be proper to say that at least a portion of the premium had been earned, and whether the plaintiffs are entitled to recover any portion thereof is not an issue in this case.

The district court erred in rendering judgment for the plaintiffs upon the facts as stipulated. The judgment should have been for the defendant. REVERSED.