JOEL HULL v. E. G. GODFREY ET AL.

[FILED JANUARY 20, 1891.]

Chattel Mortgages: JUNIOR MORTGAGEE: REDEMPTION: REPLEVIN. J. H., junior mortgagee of chattel property in the possession of G. and M. senior, who had advertised the same for sale eight months before their mortgage debt would become due, refused the tender by J. H. of the amount due. The junior brought replevin for the property before a justice of the peace, who found for the defendants, entered judgment for the amount of the appraisement of the property, double that of the debt, with the cost of advertising as damages for detention, and for costs of suit. The district court, having affirmed the judgment, *held*, error, and that the circumstances and facts of the mortgagee's insecurity of his debt must be apparent to justify the advertisement and sale; that the tender of the debt and redemption of the prior mortgage was the legal right of the junior mortgagee; that judgment should have been given for the amount of the debt only, without damages, and all the costs against the defendants who refused the tender.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Joel Hull*, for plaintiff in error.

*Godfrey & Godfrey, contra.*

COBB, CH. J.

The plaintiff in error brought this action originally, in replevin, before a justice of the peace of Lincoln township, in Kearney county, alleging a special ownership in the goods and chattels, twelve cottage bedsteads, twelve sets of bed-springs, six mattresses, twelve hard-bottom chairs, seven washstands, one six-lid cook stove, and one refrigerator, on account of a chattel mortgage, filed for record January 21, 1888, given by Emma E. Warner, the owner, to secure promissory notes for $150, held by plaint-

iff, subject to a prior mortgage of defendants for $42.38, dated December 20, 1887, and due November 1, 1888, which sum was tendered in accord and satisfaction of the prior mortgage and deposited in the justice's court.

The plaintiff set up in his affidavit that he has a special ownership in the property and is entitled to the immediate possession of the same; that the goods and chattels are wrongfully detained from him by the defendants, and were not taken in execution, or on any order or judgment against him, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under sec. 182 of the Code of Civil Procedure, or on any other *mesne* or final process issued against him.

On March 6, 1888, there was a trial to the justice, all parties being present, who found the right of property and right of possession thereto, at the commencement of the action, in the defendants, and in case a return of the property could not be had, entered judgment for the amount of the appraised value thereof, $109.25, and assessed the damages of defendants by reason of the detention thereof at $4, and costs taxed at $22.65.

On April 23, 1888, the plaintiff in error brought the case to the district court on his petition in error, assigning:

1. That the court erred in awarding judgment for defendants.

2. In awarding $4 damages against the plaintiff.

3. In awarding the costs against the plaintiff.

4. The judgment is contrary to law and not sustained by the evidence, it being shown by defendants that their interest in the property was $42.38 and interest from December 20, 1887, due November 1, 1888.

5. Their claim not yet due, the defendants were not entitled to damages for cost of advertising the property for sale, and had no authority to sell, and were not entitled to $4 judgment for costs of advertising.

6. No claimants for the property, except the parties to the suit and Emma E. Warner, the mortgagor, appearing at the trial, the court erred in giving judgment for the appraised value of the property.

On June 25, 1888, diminution of record having been suggested and filed in said court by the plaintiff in error, in obedience to the order of the court the following additional transcript and findings of fact were sent up from the justice's court below : ·

" That the defendants at the commencement of the action had possession of the goods and chattels, obtained by replevin against Emma E. Warner in January, 1888, because they felt insecure, and held possession under a chattel mortgage to D. B. Muir to secure a note of $42.38, dated December 20, 1887, due November 1, 1888.

" That the plaintiff claims the goods and chattels under a chattel mortgage by Emma E. Warner to secure notes of $200 ; that prior to the suit the plaintiff tendered in cash to defendants the full amount of their claim, and interest thereon, and made a demand for the goods and chattels in question ; that the plaintiff's mortgage was executed January 7, 1888, and filed for record in the county clerk's office January 21 following.

" That the damages adjudged to defendants were for costs of publication of the sale of the goods at public auction on February 21, 1888, which . was without the consent of the mortgagor. There was no evidence by either party as to the value of the goods, and the only evidence was that of the valuation of the appraisers called by the officer who executed the order of replevin."

There was a trial to the court, without a jury, and the judgment of the justice's court was affirmed with costs, and execution awarded therefor, to which the plaintiff in error excepted on the record and assigned as errors :

1. The court erred in affirming the judgment of the justice's court, and in judgment for costs against the plaintiff.

From this record we gather that the first mortgagees of the chattels described, feeling insecure of a debt of $42.38, due November 1, 1888, replevied the property from the mortgagor and without her consent advertised it to be sold at public auction on February 21, 1888, eight months before the debt was to become due, at a charge of $4 for advertisement. It does not appear that the defendants claimed, at the trial, that the mortgagor was impecunious, or in failing circumstances, to have challenged their security ; nor does it appear that any default in the conditions of their mortgage had occurred by which their power to sell became operative, as required by sec. 2, ch. 12, Comp. Stats.

In the case of *Loeb & Hirsch v. Milner,* 21 Neb., 392, it was held that "a provision in a mortgage that the mortgagee may take possession of the property at any time he feels insecure, and advertise and sell the same, does not authorize him to apply the proceeds to the payment of a note not then due." And in this opinion Chief Justice MAXWELL said that, "while the rule is well settled that a chattel mortgage transfers to the mortgagee the legal title to the chattels, subject only to be defeated by the performance of the condition, yet the mortgagor has an equity of redemption in the chattels and may redeem the same at any time before the sale."

In the case of *Newlean & Hoard v. Olson,* 22 Neb., 719, it was held by the same justice that a provision in a chattel mortgage that, if the mortgagee shall at any time feel unsafe or insecure, he may seize and sell the property, will not authorize such mortgagee, without cause, to seize and sell such property before the debt becomes due ; and further, that "the words 'feels unsafe and insecure' do not mean that he may exercise an arbitrary discretion in the premises, but the mortgagor must be about to do, or have done, some act which tends to impair the security of the mortgagee, and unless such facts exist the right does not become operative."

It appears from the record that the plaintiff commenced this action on February 21, the day advertised by defendants for the sale of the property; that prior to the action he tendered in cash to the defendants the full amount of their mortgage claim, with interest, made a demand of them for the property, and kept his tender good on going to trial. It would seem then that he had all the law of the case against the adverse party. The right of a junior mortgagee to redeem the property from a prior mortgage will not be disputed, if he acquires that right and stands in the place of the mortgagor. His right continues until the foreclosure of the first mortgage in accordance with law, unless defeated by some other paramount title. He has no better title than the mortgagor, as against the prior mortgage, duly recorded, but he has the right to redeem. (*Jordan v. Hamilton Co. Bank*, 11 Neb., 504; *Pecker v. Silsby*, 123 Mass., 108; *Howard v. Chase*, 104 Id., 249. *Dwight v. Scranton*, 36 N. W. Rep., 752; *Treat v. Gilmore*, 49 Me., 34.)

If the plaintiff had the right of redemption, was his tender to the defendants of the amount of their debt a discharge of the prior mortgage? In the case of *Knox v. Williams*, 24 Neb., 630, it was held that "An absolute tender of the amount due upon a promissory note secured by chattel mortgage, the tender being made the day after the debt is due, but kept good, will have the effect to divest the lien of the mortgage." This rule seems to be that of the plaintiff's case, and to justify his action. His tender was made, and his action brought, in the very exigency of an unauthorized sale of the mortgaged property. If the tender was refused, for the reason that it did not include the charge for advertising the unauthorized sale, it was not less gross than the numerous other errors of the defendant's case.

The judgment of the trial court for the amount of the appraised value of the property, and damages for its de-

tention, was erroneous.   The judgment of the court should
have been for the amount due of the mortgagor's note to
defendants, and as that amount was tendered by the plaint-
iff, the judgment could carry neither damages nor costs.
The judgment of the district court is therefore reversed,
and the cause remanded, with an order to enter judg-
ment for the defendants for the amount due on the mort-
gagor's note of $42.38, dated December 20, 1887, with
interest to March 6, 1888, less the taxable costs paid by
the plaintiff, the defendants to pay all the costs of suit.

                          JUDGMENT ACCORDINGLY.

MAXWELL, J., concurs.

NORVAL, J., did not sit in the case.