## V. Houdeck and Katie Paulicek v. The Merchants and Bankers Insurance Company, Appellant.

**Corporations:** BY-LAW AND INSURANCE POLICY.   A condition in a policy which provides for a forfeiture if insured place an incumbrance without the written consent of the insurer, is enforceable, notwithstanding that the insurer had a by-law when the policy issued which by-law made the policy void if an incumbrance, without consent, reduced the interest of the assured *to less than the amount of the insurance.*

**By-law:** *Authority to make.*   Under McClain's Code, section 1692, which gives to directors of an insurance company the right to establish by-laws not inconsistent with its charter, directors of an insurance company may adopt by-laws, though no authority to make by-laws is given them in the articles of incorporation.

**Insurance:** WAIVER BY ACCEPTANCE OF PREMIUM.   That an insurance company accepted an assessment paid by a policy holder on a guaranty note executed for his premium was not a waiver of a breach of a condition of the policy, unless the company had

knowledge thereof at the time it accepted it; neither was it a waiver to retain such assessment, and under the evidence, waiver was a jury question.

*Repeal.* A mere disregard of a by-law of an insurance company by its officers is not sufficient to show its repeal.

**Settlement and Compromise:** EVIDENCE. Where an agreement recites that it was an agreement of settlement and compromise of a disputed claim, it is inadmissible in an action on such claim.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

## WEDNESDAY, MAY 19, 1897.

ACTION at law upon a policy of insurance issued to V. Houdeck; loss, if any, made payable to Paulicek as her interest may appear at time of loss. Defense, a breach of condition against incumbrances. Trial to a jury, directed verdict for plaintiffs, and defendant appeals.—*Reversed.*

*C. E. Campbell* and *Whipple & Zollinger* for appellant.

*J. J. Mosnat* for appellees.

DEEMER, J.—The issuance of the policy, the destruction of the property insured by fire, and the performance of all the conditions precedent to plaintiffs' right to recover, are admitted. It is also admitted that after the execution of the policy the assured placed two mortgages upon the property, for the sums of three hundred dollars and four hundred and sixty-five dollars, respectively. Appellant had no notice of the giving of these instruments, and did not consent to the execution thereof. The policy contained this, among other provisions: "This contract shall be void and of no effect, unless consent in writing is indorsed hereon by the president

or secretary of the company,  *  *  *  if interest of
the assured is now, or shall hereafter be, incumbered
by any mortgage or lien of any kind.  *  *  *" The
defendant pleaded a breach of this condition as a
defense to the action. To meet this defense, plain-
tiffs relied upon (1) a by-law of the company which
they claimed modified the terms of the policy, and
permitted mortgaging of the property; (2) recog-
nition of the validity of the policy, and negotiations
for a settlement, after appellant had notice of the
making of the mortgages; and (3) receipt by the com-
pany of a part of the premium after the fire, and after
knowledge of the alleged breach of condition.

The by-law upon which appellees rely was adopted
by the defendant's board of directors, and is as follows:
"In all cases of application for insurance, the appli-
cant shall state the true value of the property
insured, and also the amount of incumbrance
on the same: and should there afterwards, dur-
ing the life of the policy, be any incumbrance on the
property insured, so as to reduce the real interest of
the party insured to a sum less than the amount of
insurance, and the assured shall neglect to
obtain the consent of the company thereto, then
said policy shall be void." Appellant says that
this by-law is of no validity because the board of
directors was given no authority in the articles of
incorporation to adopt by-laws; and it cites the famil-
iar rule that, unless the articles of incorporation
specifically delegate to the board the power to enact
by-laws, such power must remain in, and can only be
exercised by, the members of the corporation, as
declared in Beach, Corp., section 31, and Angell &
Ames, Corp., section 327, and cases cited. The answer
to this contention is the statute (McClain's Code, sec-
tion 1692), which gives to directors of insurance com-
panies organized under chapter 4 of title 9 of the

Code, relating to insurance companies, whether doing business under the ordinary or mutual plan, the right to ordain and establish such by-laws and regulations, not inconsistent with the charter or with the constitution and laws of the United States or of this state, as shall appear to them necessary for regulating and conducting the business of the company.

Appellant further contends that this by-law had been abrogated and repealed before the issuance of the policy in suit. There is no evidence of any direct action of the corporation repealing it, but it is claimed that the course of business of the company was such that its abrogation should be inferred. As a general rule, a by-law can only be repealed by the authority which made it, and it cannot be affected by usage contrary thereto. True, the company may, in certain cases, be estopped from setting up a by-law in defense, when all the members have assented to its abrogation. But the mere fact that the officers of a mutual company have disregarded a by-law is not sufficient to show its repeal. Niblack, Ben. Soc. & Acc. Ins. (1st Ed.), section 16; Boone, Corp., section 56; Beach, Priv. Corp., section 323. The parties may, in their contract, mutually agree to a waiver of a by-law. It is held by a number of authorities that, if the policy is inconsistent with the by-law, the latter is deemed to be waived. *Davidson v. Society*, 39 Minn. 303 (39 N. W. Rep. 803); *Doane v. Insurance Co.*, 45 N. J. Eq. 274 (17 Atl. Rep. 625); *Philbrook v. Insurance Co.*, 37 Me. 137; *Insurance Co. v. Rand*, 24 N. H. 428. Without approving this doctrine, it is sufficient to say that there is nothing in the articles of incorporation, so far as shown, prohibiting the agents of the company from making a contract with the conditions appearing in the policy in suit; and it must be presumed that, when the parties agreed to this condition, they did so with express

knowledge of the by-law, and for the purpose of adding to the duties assumed by the assured,—that is, of securing the consent in writing of the president or secretary to the mortgaging of the property, no matter what the amount of the mortgage. The by-law does not require the company to pay if the real interest of the assured, after deducting the added incumbrance, is equal to or more than the amount of the insurance; hence the clause in the policy is not in conflict with the by-law. And as we have said, there is nothing in the by-law or in the articles of incorporation proscribing the making of such a contract.

Appellees contend, however, that the condition was waived by the appellant, by recognizing the policy, and offering to pay the amount of the loss thereunder, after notice of the breach. The fire occurred on July 14, 1894. On August 1, appellant sent an adjuster to examine into the loss. Appellees gave notice and made proofs of loss on August 31. Some time prior to the fifth day of February, 1895, this suit was commenced. After the commencement of the action, defendant requested appellee Houdeck to go to Des Moines for the purpose of making a settlement or compromise. In response to this, Houdeck went to Des Moines, and had a conference with the vice-president of the company. At this conference an agreement of settlement and compromise was entered into, by which Houdeck, Paulicek, and Lahn (one of the subsequent mortgagees), agreed to accept one hundred dollars in full of all claims. This paper was signed by Houdeck alone, and he agreed to get the signatures of the other parties. These others refused to sign, and the agreement was never consummated. Appellees say that this amounted to a recognition of the policy after notice of a breach of condition, and a waiver thereof; while appellant contends that the

evidence was, and is inadmissible, and of no value, for the reason that it was an attempt at settlement and compromise. There is no evidence to the effect that Houdeck or his co-plaintiff was put to any expense in the matter of this attempted compromise, and the agreement itself recites that it was an agreement of settlement and compromise of a disputed claim. It is uniformly held, that an offer of compromise is inadmissible. *Home Insurance Co. v. Baltimore Warehouse Co.*, 93 U. S. 527; May, Ins., 294g; Greenleaf, Ev., section 192; *Richards v. Insurance Co.* (Mich.) 47 N. W. Rep. 350; Horton, Ins., section 1090. The agreement contained in this offer of settlement has in it no statement or admission of fact in recognition of the validity of the policy which can be divorced from the offer, and made the foundation of a waiver. It seems to us, that there was no waiver of the breach of the condition of the policy in this offer to compromise. A jury might have found that appellant was at the time denying all liability, and made the offer, not in recognition of the validity of the policy, but for the purpose of buying its peace.

It is also insisted that the appellant waived the breach of condition for the reason that after the loss, and after knowledge of the breach, it received, accepted, and retained an assessment paid by appellee upon a guaranty note executed by him for his premium. That it did accept and retain such assessment is conceded, but it was for an assessment due at the time the payment was made, and liability for it accrued during the life of the policy. It had the right to the money, and did not waive the breach of condition unless it had knowledge thereof at the time it accepted it. There is no evidence whatever to the effect that it had any knowledge of the existence of these subsequent mortgages at the time it

accepted the amount of the assessment. It did not waive the breach, then, by accepting the money. Nor do we think it waived it by retaining the same, for it was under no obligation to return the premium paid before knowledge of the forfeiture. *Harle v. Insurance Co.*, 71 Iowa, 401 (32 N. W. Rep. 396); *Harris v. Insurance Co.*, 53 Iowa, 236 (5 N. W. Rep. 124); May, Ins., 506. Taking the most favorable view of the evidence as to waiver, it was a question for the jury, and not for the court, to determine whether the appellant, after notice of the breach of condition, did any act indicating an intention not to rely thereon. For the errors pointed out, the judgment is REVERSED.