## SIEBOLD v. DAVIS ET AL.

1. **Principal and Agent:** SALE OF LAND: EXCESS OF AUTHORITY: SPECIFIC PERFORMANCE. The evidence in this case (see opinion) shows that the agent with whom plaintiff dealt in the purchase of the land in question was a special agent, whose limited authority was known to plaintiff, and that the contract was in excess of such authority. *Held* that the principal was not bound by the contract, and that specific performance could not be decreed.

2. **Sale of Land:** ACCEPTANCE OF PROPOSITION: WHAT IS NOT. There is no contract of sale unless the proposition to sell is accepted in all its terms and without conditions. So there was no sale of the land in question, where the offer was to take notes payable annually, but the notes proposed to be given were payable at the option of the maker, and where the acceptance of the offer was conditioned upon a fact yet to be ascertained.

*Appeal from Woodbury District Court.*

SATURDAY, DECEMBER 12.

ACTION in chancery to enforce the specific performance of a contract for the sale and conveyance of land. The relief prayed for in the petition was denied by the decree of the court below. Plaintiff appeals.

*Joy, Wright & Hudson*, for appellant.

*J. S. Lawrence* and *J. H. & C. M. Swan*, for appellee.

BECK, CH. J.—I. The petition alleges that defendant Pierce, being the owner of certain land, authorized his agents,

1. PRINCIPAL and agent: sale of land: excess of authority: specific performance.

Ostrom & Mensinger, to contract for him its sale and conveyance; that plaintiff entered into a contract for the purchase of the land with these agents, and in pursuance thereof paid a part of the purchase money, and entered into the possession of the land, and that Pierce subsequently sold and conveyed the land to his co-defendant Davis. The defendants deny that the agents were authorized to sell the land on the terms accepted by them, of which plaintiff had full knowledge. The evidence shows that Ostrom & Mensinger, as agents of Pierce, had sold for him other tracts of land, and had negotiated the sale of the tract in question, before the alleged sale involved in this case to other parties, which had not been consummated on account of some supposed defect in the title. These agents then had a negotiation with plaintiff, who offered $2,000 for the land; $500 cash, and the balance in five equal payments. This offer was communicated by them to Pierce, with a request that he send in reply an abstract of the title to the land. They received the following reply to their letter:

"SIOUX CITY, IA., February 19, '84.

"*Messrs. Ostrom & Mensinger, Danbury, Ia.,*—DEAR SIRS: At your request I enclose abstract of title, which please examine and return. You see I have both titles now, as Goss sued the R. R. Co., and they defended, and the court gave a good decree. No better title in the United States. I will only make three notes of $500 each for balance. They can have all the time they want,—say 3, 4, and 5 years,—but I won't make little bits of payments out of $1,500. Will pay you a full commission, which is $75, being 5 per cent.

on first $1,000, and 2 per cent on excess, which is what I always get from my clients.

"JOHN PIERCE.

"Come up quick, as I am on a trade with another party at Denison."

This letter was received the day after its date, and read by the agents to plaintiff. They gave him the abstract accompanying it. Thereupon they entered into a contract with plaintiff, as disclosed by a receipt executed by them in the following language:

"DANBURY, IA., February 21, 1884.

"Received from W. F. Siebold five hundred dollars, ($500,) being the first payment on S. E. ¼ sec. 17, in township 86, range 42 west of 5th P. M., containing, according to government survey, 160 acres, more or less, which he has purchased for the sum of $2,000, to be paid as follows, to-wit: $500 in hand paid, the receipt whereof is hereby acknowledged, and the balance of the $2,000 in three equal annual payments, the first deferred payment on or before three years from date of deed. All deferred payments to draw interest at 8 per cent per annum, payable annually, at Sioux City, the deferred payments to be secured by mortgage on above-described land.

"OSTROM & MENSINGER,
"Agents for John Pierce."

The day following the execution of this receipt they wrote the following letter to Pierce:

"DANBURY, IA., February 22, '84.

"*John Pierce,*—DEAR SIR: Enclosed find abstract of title. Bring it down to date, and show that all taxes are paid, and if the decree is not appealed from, and you bring the abstract down to date, everything will be all satisfactory, and you can send abstract, deed and mortgage, either to us or to the express office, and $500 will be paid less commission; the deferred payments as follows, to-wit: Three equal annual

Siebold v. Davis et al.

payments, 3, 4, and 5 years' notes, made on or before. Make deed to W. F. Siebold, but if this decree is appealed from Mr. S. does not want it. Please attend to this at once. The consideration, you understand, is $2,000.

"OSTROM & MENSINGER."

On the twenty-third of February, Pierce sold and conveyed the land to Davis.

II. Counsel for plaintiff insist that Ostrom & Mensinger were the general agents for Pierce. We think the evidence does not support this position. But whatever may have been the character of their agency as to prior transactions, it was surely special and limited as to this transaction. They were restricted to the terms of sale dictated by Pierce, of which plaintiff had full knowledge. A consideration of the facts above stated will leave no doubt upon this point. A familiar rule of the law restricts the exercise of power by a special agent to the limits prescribed by the principal, and one dealing with such agent, with knowledge of the limitation upon his power, cannot enforce a contract made by him for his principal which is beyond such limitation.

III. It will be observed that the agents were directed to extend the time of the deferred payments to three, four and five years. This was coupled with the instruction that the purchasers could "have all the time they want." But it clearly appears from Pierce's letter of February 19th that payments were to be made annually. No authority is given therein to provide for payments to be made at the option of the purchaser before the days fixed therefor. The contract of sale, as shown both by the receipt and the agent's letter of February 22, authorized payments to be made of at least the first installment before such time. In this regard the contract of sale exceeded the limits of the agents' authority, and is not therefore binding upon the principal.

IV. It may be further remarked that the letter of Ostrom & Mensinger, of February 22, shows nothing more than a

conditional offer to purchase. It was dependent upon the fact that some appeal had not been taken. Nothing of the kind is made a condition in Pierce's letter of authority to the agents. He was therefore authorized, upon receipt of the agent's letter, to regard his prior offer as not accepted.

Under these views of the case, the plaintiff had no contract which equity will specifically enforce. The decree of the district court is

AFFIRMED.