J. E. O'BRIEN, Appellee, v. ALEX FITZHUGH, Appellant.

CONTRACTS: Offer—Ineffectual Acceptance. An offer by a mortgagor to deed the mortgaged land to the mortgagee on condition that the mortgage notes would be deemed canceled from the time the deed was *received* is not accepted by the act of the mortgagee in forwarding for execution a blank deed on condition that the mortgage notes would be deemed canceled from the time the deed was *recorded*.

Headnote 1:   13 C. J. pp. 279, 281.

Headnote 1:   6 R. C. L. 608.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

NOVEMBER 15, 1927.

Action at law to recover on an interest coupon note secured by a real estate mortgage. Defendant in answer pleads payment by virtue of an alleged agreement to deed to the mortgagee the land covered by the mortgage, in consideration of the cancellation of the note and interest coupons attached thereto. Jury waived, and cause tried to the court, with consent of the parties. Judgment entered for the plaintiff. Defendant appeals.—*Affirmed.*

*H. H. Griffiths*, for appellant.

*J. E. O'Brien*, for appellee.

DE GRAFF, J.—The question presented on this appeal apparently should find quick answer. It is whether there was a completed contract between the parties. Was there a meeting of minds as to the subject-matter of the correspondence between the parties? The applicable legal principle is that an acceptance of an offer must be as broad as the offer, and the acceptance must not be in the nature of a counter proposition, or qualified by the addition of any condition or stipulation not expressed or implied in the offer of which the acceptor desired to take advantage. An acceptance, to be operative, must be unequivocal and unconditional. In brief, there must be mutual assent, or a meeting of the minds of the contracting parties. See *Harris v. Bills*, 203 Iowa 1034.

The stipulated facts, briefly stated, disclose that the appellant was the legal title holder of a parcel of real estate situated in Mahnomen County, Minnesota; that, on January 2, 1921, the appellant executed the interest coupon note in suit, to evidence the interest due January 2, 1924, on a note of $1,500, secured by a mortgage on said Minnesota land; that the coupon note was assigned to the plaintiff for collection by the holder of said note and mortgage; that, subsequently to the maturity of said note, correspondence was had between the defendant-appellant and the agent of the holder of the mortgage and note.

The question presented must find answer in the correspondence between these parties, which began when appellant

was advised, December 24, 1923, by the mortgagee that the note would be due January 2, 1924. From this point on, the record is replete with proposition and counter proposition, but we deem it unnecessary to set out this matter in detail. Who made the ultimate offer? Was that proposition accepted?

It is apparent that the appellant, in the first instance, attempted to secure an extension of time of payment. This was refused. Gradually both parties recognized that they were facing a foreclosure proceeding. The mortgagee did not desire to foreclose, and the mortgagor was trying to avoid a foreclosure. The mortgagee did not want the land. The mortgagor was willing to quitclaim if he could induce the mortgagee to pay a small amount, representing the difference between the mortgage indebtedness and the claimed value of the land. This proposal met with no favor.

On February 6, 1924, the appellant wrote to the mortgagee, indicating that the matter was not of such significance as to provoke a dispute between them, and said:

"If you will fix up a quitclaim deed and send me covering this land, I will sign it and close the matter up, on the understanding that the note and mortgage is to be surrendered, when you receive this quitclaim deed."

On February 13, 1924, in reply, the appellant received a letter which inclosed a quitclaim deed, to be executed by the appellant and his wife to the mortgagee. This act or fact did not constitute an acceptance of appellant's offer, for the reason that the letter stated that the mortgage would be canceled and the note sent to the appellant "as soon as the deed is recorded," and it is recited further in said letter that "the note would be forwarded as soon as the deed is recorded." This constituted a new offer.

On February 18, 1924, the appellant notified the mortgagee that the deed had been duly executed, and suggested that he would be pleased to forward it to the First National Bank at Casselton, North Dakota, with instructions to deliver same to the mortgagee on receipt of the note. The appellant further stated in said letter:

"I believe it would be only right that I should have either the note or the mortgage in my possession. If you would like to hold the mortgage until the taxes are paid and then cancel

and return it at that time, it is entirely satisfactory. * * * If Mrs. Knight [mortgagee] prefers, you can send the note to any bank here [Des Moines] and instruct them to turn it over to me on receipt of the quitclaim deed."

It appears that this matter was not given further attention, by reason of the absence of Mrs. Knight from her home; and of this fact the appellant was advised, with the additional information from her agent that "when she returns I will take the matter up with her and complete the transaction."

On May 9, 1924, the appellant was advised by the mortgagee that she had withdrawn her offer. Was she, under the stated facts, legally privileged to withdraw? Was it her offer? Or had there been an acceptance by her of the offer of the appellant? Unless it may be said that the alleged acceptance by the appellee of the offer of appellant embodied the same terms as contained in his offer, there is no acceptance, but a rejection of the offer. *Baker v. Johnson County,* 37 Iowa 186; *Siebold v. Davis,* 67 Iowa 560.

Did the minds of the parties meet? We think not. Appellant said he would sign a quitclaim deed on the distinct understanding that the note and mortgage should be canceled when the mortgagee received the deed. The mortgagee replied that she would cancel the mortgage "when the deed is recorded," and that the note would be forwarded as soon as the "deed is recorded." This amounted to a counter offer. The correspondence between these parties does not disclose that Mrs. Knight (mortgagee) assented to appellant's offer. Mrs. Knight had the right to make a counter proposition and to impose a condition that the deed must be recorded before any cancellation of the mortgage or surrender of the note. The deed was not recorded. The deed was not delivered to Mrs. Knight, except by forwarding it, on May 17, 1924, to the First National Bank of Casselton, with instructions to deliver to Mrs. Knight on receipt of the note. This was subsequent to her withdrawal.

The judgment entered by the trial court is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.