507 F.Supp. 53 (1981)
DENTON CONSTRUCTION COMPANY, Plaintiff,
v.
MISSOURI PORTLAND CEMENT COMPANY, Defendant.
No. 80-924C(C).
United States District Court, E. D. Missouri, E. D.
January 19, 1981.
Joseph Murphy, St. Louis, Mo., for plaintiff.
Jim J. Shoemake, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on defendant's motion to dismiss the complaint *54 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion will be granted and plaintiff will be allowed 30 days to file an amended complaint in accordance with this memorandum.
Plaintiff, Denton Construction Company ("Denton"), brought this diversity action against defendant, Missouri Portland Cement Company ("Missouri Portland"), for breach of contract and for various tort actions arising out of defendant's alleged failure to perform under the contract. The contract, incorporated into the complaint pursuant to Rule 10(c), is a sales contract for the purchase of cement by Denton from Missouri Portland to be used in the construction of a highway in Tennessee.
Plaintiff alleges that defendant failed and refused to perform and deliver cement in accordance with the terms of the sales contract. Count I of plaintiff's complaint is for breach of contract. In Counts II through V, plaintiff attempts to state tort causes of action out of defendant's failure to perform under the contract. In Count VI, plaintiff attempts to state a breach of contract claim that would permit punitive damages to be assessed against defendant.
By its inclusion by reference, the sales contract becomes part of the complaint and is a part thereof for all purposes, Rule 10(c) F.R.C.P., and can properly be considered by the Court on a motion to dismiss. 5 Wright & Miller, Federal Practice and Procedure § 1327, n.18 (1969) [hereinafter Wright & Miller]; Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974); Producers Oil Co. v. Gore, 437 F.Supp. 737, 739 (E.D.Okla.1977). The construction of the contract is a proper function of the Court. Wright & Miller § 1327, n.22. The contract as construed controls over averments in the pleading if there is a variance between the two. Wright & Miller § 1327, n.23; Olpin v. Ideal National Insurance Co., 419 F.2d 1250, 1255 (10th Cir. 1969); Cohen v. United States, 129 F.2d 733, 736 (8th Cir. 1942).
In its breach of contract count, Denton specifically includes incidental and consequential damages. It is clear to the Court that the parties have agreed that the "Seller shall not be liable to Buyer for any consequential or incidental damages which Buyer may incur as a result of a breach of the contract or any of the terms and provisions thereof." This wording is not ambiguous and is controlling. This is what the parties themselves agreed to and it is not the Court's job to rewrite their contract. Accordingly, no incidental or consequential damages will be considered.
The Court has the greatest difficulty with Counts II through V of Denton's complaint. These reflect attempts by Denton to turn a simple breach of contract allegation into various tort claims.[1] The wrong complained of is Missouri Portland's alleged failure to perform under the terms of the sales contract. Had defendant performed all that the sales contract called for to plaintiff's satisfaction, plaintiff could have no complaint. Whether defendant did or did not perform in accordance with the terms of the contract and whether plaintiff is or is not entitled to damages will best be decided on an examination of evidence. It is clear, however, that plaintiff's sole cause of action is one for breach of contract.
In Count VI of its complaint, Denton seeks punitive damages for breach of contract, arguing in its memorandum that the breach was "tortious in nature" and that punitive damages are appropriate in such circumstances in keeping with a modern trend in the law. Again, the Court points out that this is a simple breach of contract claim. The sole wrong complained of is defendant's alleged failure to perform in accordance with the sales contract. Had defendant performed to plaintiff's satisfaction, *55 plaintiff would have no complaint. The Court fails to see how this breach of contract dispute can be turned into various tort claims, directly or indirectly. It is well established that no punitive damages are allowable in simple breach of contract cases under Missouri law.[2]Lamb v. Amalgamated Labor Life Insurance Co., 602 F.2d 155, 159 (8th Cir. 1979). The Court does not agree that the alleged breach could be classified as "tortious in nature," as urged by plaintiff.[3]
Accordingly, the complaint must be limited to the breach of contract claim alone and punitive damages are inappropriate. The complaint will be dismissed and plaintiff will be granted 30 days to file an amended complaint in accordance with this memorandum.
NOTES
[1] Plaintiff speaks in terms of the "duty to exercise due care in the performance of its obligation and responsibility arising under the sales contract" and defendant's failure to exercise due care in the performance of the contract. All of this duty owed and exercise of due care language will not change an alleged breach of contract into a tort. The simple fact is that compliance with the terms of the contract would satisfy all of plaintiff's Counts.
[2] Plaintiff contends that Tennessee substantive law governs the tort theories advanced by it. This is not the case. Missouri Portland is a Missouri corporation; the contract was drawn up in Missouri; deliveries were to be made from Missouri. Denton is a Michigan corporation performing work in Tennessee. In a diversity action, the choice of law rules of the forum state apply. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In Kennedy v. Dixon, 439 S.W.2d 173 (Mo.1969), the Supreme Court of Missouri adopted the Second Restatement's "most significant relationship" approach for choice of law problems in tort. McNally v. Pulitzer Publishing Co., 532 F.2d 69, 78, n.11 (8th Cir. 1976). Missouri is the state with the most significant contracts in this dispute.
[3] It is true that a duty may be imposed by virtue of a relationship created by contract (the breach of which may constitute a tort). But when the duty rests upon an express stipulation in the contract, it is a contract question only. See Otto v. Imperial Casualty & Indemnity Co., 277 F.2d 889, 893 (8th Cir. 1960). In the present case, the duty imposed is that expressed in the contract itself.