**DENTON CONSTRUCTION COMPANY, Appellant,**

v.

**MISSOURI PORTLAND CEMENT CO., Appellee.**

No. 81–1178.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1981.
Decided Sept. 25, 1981.

---

Ira Genberg, argued, Neil C. Schemm, Stokes & Shapiro, Atlanta, Ga., Joseph A. Murphy, Lucas & Murphy, St. Louis, Mo., for plaintiff-appellant.

Jim J. Shoemake, J. Richard McEachern, argued, Guilfoil Symington, Petzall & Shoemake, St. Louis, Mo., for defendant-appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and HANSON *, Senior District Judge.

PER CURIAM.

Denton Construction Company (Denton) brought this suit for damages stemming from Missouri Portland Cement's (Missouri Portland) delays in supplying cement to Denton for the construction of Interstate 240 near Memphis, Tennessee. The district court, 507 F.Supp. 53, dismissed all counts of the suit on a Rule 12(b)(6), Fed.R.Civ.P., motion made by Missouri Portland.[1] Denton appeals. We reverse.

Denton and Missouri Portland entered into a "sales contract" on February 7, 1978, wherein Missouri Portland agreed to supply "100 percent of the cement required to complete [the project] * * *." After Denton began work on the project Missouri Portland, on October 4, 1978, notified Denton for the first time that it would be unable to supply cement in adequate quantities. Denton then notified Missouri Portland that it was in breach of the terms of the sales contract. Thereafter, Missouri Portland allocated its supply between various customers, including Denton. Although delayed, the cement was eventually supplied.

Denton brought suit seeking contractual, incidental and consequential damages for breach of contract[2] and tort damages, including punitive damages, based on fraudulent inducement in the formation of the contract, negligence in the failure to perform and negligent misrepresentation.

Missouri Portland filed a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., based on the allegation that the contract specifically barred the lawsuit, "[t]he conduct complained of, and the purported breach of the incorporated contract by Denton is specifically permitted and sanctioned by the language of the contract and by §§ 2–615, 2–616 and 2–719 of the Uniform Commercial Code", and Denton failed to allege that the consequential damages could have been reduced or prevented as required by section 2–715 of the U.C.C. Missouri Portland also answered that the fraud allegation had not been stated with particularity and the other tort causes of action for alleged breach of contract, including the punitive and exemplary damages, were not permissible under Missouri law.

Denton responded to this motion with a memorandum of law and two *ex parte* affidavits by officers of its company. However, it appears that the court's ruling is confined to its consideration of the pleadings.

The district court ruled in favor of Missouri Portland, dismissing the action. Judge Meredith ruled that the clause stating, "Seller shall not be liable to Buyer for any consequential or incidental damages which Buyer may incur as a result of a breach of the contract or any of the terms and provisions thereof", exempted Missouri Portland from any contractual liability.

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

2. In order no. 81–1178, issued April 3, 1981, we remanded and directed the district court to remove from its order of dismissal a provision granting Denton leave to amend the complaint to bring a breach of contract action for direct damages. We issued the order upon Denton's declaration that it no longer wished to bring an action for direct damages. The district court complied on May 8, 1981.

The district court also held that the claim for punitive damages is not allowable under Missouri law.[3] Further, that recovery under the tort claims in the remaining counts was not available on the grounds that "plaintiff's sole cause of action [was] one for breach of contract" and the alleged breach could not be classified as "tortious in nature" as urged by plaintiff. *See Otto v. Imperial Casualty and Indemnity Co.*, 277 F.2d 889, 893 (8th Cir. 1966).

In reviewing the district court's disposition of this case, it is important to remember the stringent standard placed on the court when faced with a Rule 12(b)(6) motion to dismiss.

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ In applying this standard to the contract claim, we hold that the contract is not so clear as to justify the district court's holding. On the face of the contract, Missouri Portland purports to promise to supply "100 percent" of Denton's requirements. Later, in the fourth paragraph of the second page, Missouri Portland agrees to comply with Denton's shipping instructions "as closely as practicable." Then, on the basis of the next paragraph, Missouri Portland claims to be relieved from any liability for delays or failure to deliver. This would appear to negate liability for the promises Missouri Portland had made for supplying Denton's requirements. In the very least, this series of contradictory statements creates what appears to be an ambiguity which should have survived a Rule 12(b)(6) motion to dismiss.

■ As for the other causes of action, we are not prepared to say that Denton "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Yet, we emphasize that we do not express

any opinion on the merits of any of these claims.

We vacate the order of dismissal and remand for further proceedings consistent with this opinion.

---

**3.** The district court noted that plaintiff contended Tennessee substantive law governed the tort theories advanced by it but that Missouri law controlled.