**Howard M. RICK and Marlene A. Tri Rick, Appellees,**

v.

**Wilbur SPRAGUE, Appellant,**

and

**Auto Owners Insurance Company, Defendant.**

**No. 04–0112.**

Supreme Court of Iowa.

Dec. 9, 2005.

LAVORATO, Chief Justice.

In this personal injury action, the defendant, Wilbur Sprague, appeals from a district court judgment for $5000 in favor of Marlene A. Tri Rick, one of the plaintiffs in this action, on Sprague's offer to confess judgment. Sprague contends the district court misinterpreted his offer to confess judgment, which he claims was for both Marlene's loss of consortium claim and her husband Howard M. Rick's claim for personal injuries. Marlene moved to dismiss the appeal on the grounds the appeal does not meet the amount-in-controversy requirement of Iowa Rule of Appellate Procedure 6.3 and Sprague failed to file a timely application to certify the appeal pursuant to Iowa Rule of Appellate Procedure 6.5.

We treat the appeal as an application to certify the appeal pursuant to Iowa Rule of Appellate Procedure 6.304, grant the application, and deny the motion to dismiss. Because we conclude there was no mutual assent to the terms of the offer to confess judgment, we reverse the district court's judgment and remand for further proceedings.

## I. Background Facts.

Howard and Marlene are husband and wife. On April 3, 2000, the automobile driven by Howard was struck in the rear by the automobile driven by Sprague. Marlene was a passenger in Howard's automobile at the time.

## II. Proceedings.

On March 27, 2002, the Ricks sued Sprague seeking damages stemming from the April 3, 2000 automobile accident. In the petition, Howard sought damages for his alleged injuries, and Marlene sought damages for her alleged loss of spousal consortium. There was no money demand in the petition. However, the petition did

Patrick L. Woodward and Amanda T. Mestan of McDonald, Woodward & Ivers, P.C., Davenport, for appellant.

Gary J. Shea and John H. Ehrhart, Cedar Rapids, for appellees.

state that "[t]he amount in controversy exceeds the jurisdictional requirements set forth in Section 631.1, The Code and the jurisdictional amount set forth in The Iowa Rules of Appellate Procedure." *See* Iowa R. Civ. P. 1.403(1) ("Except in small claims and cases involving only liquidated damages, a pleading shall not state the specific amount of money damages sought but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy. The specific amount and elements of monetary damages sought may be obtained through discovery.").

Later, Sprague filed an offer to confess judgment, which stated:

The defendant, Wilbur Sprague, after answer and before trial herein, offers to confess judgment pursuant to Iowa Code § 677.7 (1985) as follows:

1. In the amount of Five Thousand and no/100 Dollars ($5000.00) including pre-judgment interest and court costs to the date of filing this offer to confess judgment on plaintiffs' claim.

2. The amount offered above is the total sum that is being offered to the plaintiffs. Pre-judgment interest and court costs are a part of the amount offered.

Howard rejected the offer to confess judgment and stated that such rejection "specifically relates solely to his individual claims and does not include or affect any claims brought by plaintiff Marlene A. Tri Rick."

At the same time, Marlene accepted the offer to confess judgment and stated that such acceptance "specifically relates solely to her personal consortium claim and does not include or affect any claims brought by plaintiff Howard M. Rick."

A short time later, the district court entered an order directing the clerk of court to "enter judgment against defendant Wilbur Sprague and in favor of plaintiff Marlene A. Tri Rick in the amount of $5000. Plaintiff Howard M. Rick's claims against defendants remain viable."

Following the district court's order, Sprague filed a motion to reconsider and vacate the portion of the court's order that entered judgment on behalf of Marlene. Sprague contended that the offer to confess judgment was made to the plaintiffs jointly and was not divisible.

In their resistance to this motion, the Ricks maintained that they brought two separate claims and each of them was entitled to settle his or her claim as seen fit. They further maintained that Sprague could not now rescind the offer by claiming he made a unilateral error after Marlene had accepted the offer to confess judgment.

The district court entered an order denying Sprague's motion "for the reasons stated in plaintiffs' resistance to the motion to reconsider."

Sprague appealed following which Marlene filed a motion to dismiss the appeal. She argued, among other things, that the appeal should be dismissed for failing to meet the minimum amount in controversy required by Iowa Rule of Appellate Procedure 6.3 (no appeal shall be taken when the amount in controversy is less than $6000). Marlene further argued that the district court had no authority to enter judgment for more than $5000 because that was the amount of the offer to confess judgment that she had accepted. Because the amount in controversy was less than the $6000 jurisdictional minimum, Marlene also argued that the appeal must be dismissed as a matter of law. In his resistance, Sprague maintained that the motion to dismiss should be denied because the jurisdictional test looks to the pleadings, not to the judgment actually entered. He

contends that the plaintiffs' assertion in their petition that the amount in controversy exceeded the jurisdictional amounts satisfies the appellate jurisdictional amount-in-controversy requirement. On the face of the petition, Sprague maintains, the district court could have entered judgment for more than the jurisdictional minimum.

In a single-justice order, this court directed that the issue of the "amount-in-controversy requirements shall be considered by the appropriate appellate court upon submission of this appeal."

### III. Issues.

The first issue is whether we should grant or deny the motion to dismiss. If we deny the motion, we must then answer the question whether the district court correctly entered judgment pursuant to the offer to confess judgment. That issue turns on whether there was an acceptance of the offer to confess judgment.

### IV. Motion to Dismiss.

Sprague argues that the appeal satisfies the amount-in-controversy requirement because the court looks to the pleadings, not to the judgment actually entered. Sprague focuses on the allegation in the petition that the amount in controversy exceeds the jurisdictional minimum. Because of that allegation, Sprague claims, the district court could have entered judgment for more than the jurisdictional minimum.

Marlene, on the other hand, argues that the district court could not have entered judgment for more than $5000 because $5000 was the amount of the offer to confess judgment. According to Marlene, the amount in controversy as required by Iowa Rule of Appellate Procedure 6.3 is therefore not satisfied. In addition, Marlene argues that Sprague failed to file a timely application to certify the appeal pursuant to Iowa Rule of Appellate Procedure 6.5. For these reasons, Marlene contends we have no jurisdiction to hear the appeal and we should therefore dismiss it.

The appellate rule concerning the amount in controversy states in relevant part:

> Except where the action involves an interest in real estate, no appeal shall be taken in any case, not originally tried as a small claim, where the amount in controversy, as shown by the pleadings, is less than $6000 *unless the supreme court or a justice thereof certifies that the cause is one in which appeal should be allowed.*

Iowa R.App. P. 6.3 (emphasis added). As the emphasized part of the rule states, we can certify that the appeal should be allowed.

However, the timeliness of any appeal so certified is governed by Iowa Rule of Appellate Procedure 6.5, which pertinently provides:

> [W]here an application to the supreme court or any justice thereof to ... certify an appeal under rule ... 6.3 is made within 30 days from the date of the ruling, decision, or judgment sought to be reviewed, any appeal ... certified upon such application shall be deemed timely taken.

Iowa R.App. P. 6.5.

■ Rule 6.3 is jurisdictional; an appeal failing to satisfy the jurisdictional minimum must be dismissed. *Hrbek v. State,* 554 N.W.2d 895, 896 (Iowa 1996).

■ According to rules 6.3 and 6.5, an appeal failing to satisfy the jurisdictional amount can still be allowed. However, an application to certify the appeal must be made within thirty days from the date of the ruling, decision, or judgment sought to

be reviewed. Additionally, this court or a justice of this court must certify that the cause is one in which appeal should be allowed. No such application was filed here. And of course no such certification was given. Therefore we have no jurisdiction to hear this appeal *unless* we treat the appeal as an application to certify the appeal under Iowa Rule of Appellate Procedure 6.304.

Rule 6.304 provides:

If any case is brought by appeal, *by application to certify an appeal,* certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies may under this rule be treated by the appellate court as the one it deems appropriate. Nothing in this rule shall operate to extend the time within which an appeal may be taken.

Iowa R.App. P. 6.304 (emphasis added). Therefore notwithstanding rules 6.3 and 6.5, rule 6.304 allows us to consider this appeal as an application to certify the appeal if we are of the opinion that such application was the proper remedy. And if we consider this appeal as an application to certify the appeal, we may grant the application and proceed as though such an application had been filed.

We note that the predecessor rule did not include an application to certify an appeal. *See* Iowa R.App. P. 6.304 (amended Nov. 9, 2001). The present rule was effective September 16, 2004, some nine months *after* the notice of appeal in this case was filed. Nevertheless, the present rule applies to this case because it is a procedural rule establishing a method for implementing jurisdiction to allow appeals in which the jurisdictional minimum has not been met. In addition, at the time the rule was passed it had no savings clause. In such circumstances, the new rule applies to all appeals pending as of its effective date. *See Smith v. Korf,* 302 N.W.2d 137, 139 (Iowa 1981). Because this appeal was pending as of the effective date of the new rule, the new rule applies.

Assuming without deciding that the jurisdictional minimum was not met in this case, we are of the opinion that an application to certify the appeal was the proper remedy. We certify that the cause is one in which appeal should be allowed. We therefore grant the application to certify the appeal, deny the motion to dismiss, and proceed to resolve the issues raised.

That brings us to the issue whether there was an acceptance of the offer to confess judgment.

## V. Offer to Confess Judgment.

Iowa Code chapter 677 governs offers to confess judgment. Iowa Code sections 677.7 and 677.8 are the pertinent sections. Section 677.7 specifies how and when the defendant makes the offer after an action has been brought:

The defendant in an action for the recovery of money only may, at any time after service of notice and before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for a specified sum with costs.

Iowa Code § 677.7 (2003).

Section 677.8 specifies how and when the plaintiff may accept the offer:

If the plaintiff accepts the offer, and gives notice thereof to the defendant or the defendant's attorney within five days after the offer is made, the offer, and an affidavit that the notice of acceptance was delivered in the time limited, may be filed by the plaintiff, or the defendant

may file the acceptance with a copy of the offer, verified by affidavit; and in either case a minute of the offer and acceptance shall be entered upon the judge's calendar, and judgment shall be rendered by the court accordingly.

*Id.* § 677.8.

No one disputes that the procedures in both sections were followed. The dispute centers on the meaning of the offer to confess judgment, which determines whether there was an acceptance of the offer, matters we next address.

Sprague contends that his offer to confess judgment is clear and unambiguous. The $5000 was the total sum offered to both plaintiffs and was not divisible.

■■■ Offers to confess judgments are like offers of settlement, *Hughes v. Burlington N. R.R.*, 545 N.W.2d 318, 320 (Iowa 1996), and "[s]ettlement agreements are essentially contracts," *Shirley v. Pothast*, 508 N.W.2d 712, 715 (Iowa 1993). Because we look to contract principles when interpreting settlement agreements, *Waechter v. Aluminum Co. of Am.*, 454 N.W.2d 565, 568 (Iowa 1990), we also look to contract principles when we interpret offers to confess judgment. We review the district court's interpretation of the offer at law. *Ellefson v. Centech Corp.*, 606 N.W.2d 324, 330 (Iowa 2000) (stating contract interpretation is a legal issue unless the interpretation depends on extrinsic evidence).

■■■ Contract interpretation determines the meaning of contract words. *Fausel v. JRJ Enters., Inc.*, 603 N.W.2d 612, 618 (Iowa 1999). The primary focus of settlement agreement interpretation is ascertaining the parties' intention at the time they executed the agreement. *Waechter*, 454 N.W.2d at 568.

Interpretation involves a two-step process. First, from the words chosen, a court must determine "what meanings are reasonably possible." In so doing, the court determines whether a disputed term is ambiguous. A term is not ambiguous merely because the parties disagree about its meaning. A term is ambiguous if, "after all pertinent rules of interpretation have been considered," "a genuine uncertainty exists concerning which of two reasonable interpretations is proper."

*Walsh v. Nelson*, 622 N.W.2d 499, 503 (Iowa 2001) (citations omitted).

■■■ Once the court identifies an ambiguity, it then must "'choos[e] among possible meanings.'" *Id.* (alteration in original) (citation omitted). If extrinsic evidence is necessary to resolve the meaning of ambiguous language, "a question of interpretation arises which is reserved for the trier of fact." *Id.* However,

[a]ny determination of meaning or ambiguity should only be made in the light of the relevant evidence of the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties. But after the transaction has been shown in all its length and breadth, *the words of an integrated agreement remain the most important evidence of intention.*

In short, although other evidence may aid the process of interpretation, the words of the contract remain the key to determining whether the ... terms [of the offer to confess judgment] are ambiguous.

*Id.* (citation omitted).

With these principles of interpretation in mind, we are convinced the words of the confession of judgment are not, as a matter of law, ambiguous.

In paragraph one of the offer to confess judgment, Sprague offers to confess judgment on "plaintiffs' claim." Marlene contends the words "plaintiffs' claim" mean the offer of $5000 is being made to each plaintiff because Sprague used the singular of the word claim rather than the plural. We disagree. A reasonable interpretation of the phrase "plaintiffs' claim" is that Marlene's loss of consortium claim and Howard's personal injury claim were in Sprague's mind one claim for purposes of the offer. This becomes clear in the next paragraph when Sprague stated "[t]he amount offered above is the *total sum* that is being offered to the *plaintiffs*." (Emphasis added.) The offer did not invite a separate response on Marlene's claim and Howard's claim; Sprague lumped the two claims into one claim in his offer to confess judgment. *See Dickson v. Hubbell Realty Co.*, 567 N.W.2d 427, 430 (Iowa 1997) ("In interpreting a contract, we give effect to language of the entire contract in accordance with its commonly accepted and ordinary meaning.").

To be bound, the contracting parties must manifest a mutual assent to the terms of the contract. *Kristerin Dev. Co. v. Granson Inv.*, 394 N.W.2d 325, 331 (Iowa 1986). "[T]his assent usually is given through the offer and acceptance." *Id.* In a contract by offer and acceptance, "the acceptance must conform strictly to the offer in all its conditions, without any deviation or condition whatever." *Shell Oil Co. v. Kelinson,* 158 N.W.2d 724, 728 (Iowa 1968). Otherwise there is no mutual assent and therefore no contract. *Id.*

Here Marlene attempted to accept the offer to confess judgment in a way that did not conform to the offer in all of its conditions. Instead, Marlene rejected the offer. *O'Brien v. Fitzhugh,* 204 Iowa 787, 790, 215 N.W. 944, 946 (1927) ("Unless it may be said that the alleged acceptance by the appellee of the offer of appellant embodied the same terms as contained in his offer, there is no acceptance, but a rejection of the offer."). Consequently, there was no valid acceptance of the offer to confess judgment and therefore no mutual assent to the terms of the offer. Absent such mutual assent, there was no contract.

## VI. Disposition.

Because we conclude there was no contract, the district court erred in concluding otherwise. We therefore reverse and remand for further proceedings.

**REVERSED AND CASE REMANDED.**