# United States Court of Appeals
## For the Eighth Circuit
_____

No. 16-1242
_____

Richard M. Elbert

*Plaintiff - Appellant*

v.

City of Kansas City, Missouri; Kansas City, Missouri Police Department; Police Officer Muhlbauer, in his individual and official capacity; Police Officer Enig, in his individual and official capacity; Police Officer Campbell, in his individual and official capacity; Police Officer Cote, in his individual and official capacity; Police Officer Sanders, in his individual and official capacity; Police Officer Hernandez, in his individual and official capacity; Police Officer Balsley, in his individual and official capacity; Police Officer Johnson, Badge 2356, in his individual and official capacity; Patrice Winston, City of KCMO Office of Regulated Industries in her individual and official capacity

*Defendants - Appellees*

Jane Doe, City of KCMO Office of Regulated Industries

*Defendant*

Kansas City Board of Police Commissioners, in their individual and official capacities; Regina Wagner, City of KCMO Office of Regulated Industries in her individual and official capacity; John Harbrucker, City of KCMO Office of Regulated Industries in his individual and official capacity; Det. Robert Gibbs, Kansas City Missouri Police Dept in his individual and official capacity; J. Williamson, Kansas City Missouri Fire Marshal in his individual and official capacity; Gary Majors, City of KCMO Office of Regulated Industries in his individual and official capacity; Jim Ready, City of KCMO Office of Regulated Industries in his individual and official capacity; KCMO Police Officers Does 1-10, in their individual and official capacities; KCMO Police Officers Does

11-21, in their individual and official capacities; Robert Richardson, Kansas City Missouri Fire Marshall, in his individual and official capacity; Assistant Chief Fire Downing, Kansas City Missouri Fire Marshall, in his individual and official capacity; Police Officer Pronske, in his individual and official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 1, 2016
Filed: August 4, 2016
[Unpublished]

_____

Before, RILEY, Chief Judge, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Richard Elbert, a pro se appellant, appeals the district court's[1] denial of his motion for summary judgment, and the court's grant of summary judgment in favor of the individual defendants, its dismissal of particular claims, and its denial of Elbert's motion to amend the complaint. We affirm.

In November 2009, Elbert obtained a lease for the Kansas City properties at issue in this matter. The premises served as Elbert's living quarters and, after Elbert renovated the space with the help of friends and family, he opened the Kansas City Apollo Country Club (the "Club"). As described by Elbert, he created a Club that was a members-by-invitation only, non-profit organization that collected membership

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

-2-

dues that were used to purchase food and refreshments from a grocery store, pay for utilities, renovations, rent, security and other personnel, and all other like expenses. Members were given poker chips upon payment of their dues, which they could then exchange for alcoholic beverages or food at the Club. According to Elbert, the operation was akin to friends putting money together to buy food and drink, rent a motel room, and hire someone to prepare the food and serve drinks while the group watches a football game. Elbert did not obtain any occupancy permit, never had a fire inspection of the property, did not obtain a business license from the City, did not pay earnings taxes on membership dues, and did not report the earnings of people who worked security or provided other services at the Club to the IRS or the City. The Club became the subject of citizen complaints due to the late night hours and noise, and officers and city employees investigated the late-night disturbances, the sale of alcohol and food without a license, reports of assaults and gunfire, the indication of the presence of drugs, and other similar issues on the property. After numerous inspections and investigations in 2010 and 2011, the owner of the premises contacted Elbert and informed him that he would need to vacate the premises so that code violations could be corrected.

Elbert pursued the instant action, pursuant to 42 U.S.C. § 1983 and state law, alleging myriad allegations of specific misconduct by police officers and city employees in their dealings with the operation of the Club on specific dates. The district court initially dismissed several defendants and a number of deficient claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and the alleged state law claims were denied without prejudice. The district court narrowed the federal claims to counts 2 through 5, which included complained-of conduct occurring on October 22, 2010; August 21, 2011; and December 10, 2011.[2] On competing summary judgment

_____

[2]Elbert argues that the alleged misconduct of Defendant Harbrucker (an employee with the city's Department of Regulated Industries) on August 21, 2011, set forth in count 4, should be included in the summary judgment analysis. We agree, despite the district court's footnote reiterating that its March 25, 2013, order limited

motions, the district court granted summary judgment in favor of the officers and city defendants and dismissed the matter with prejudice. Having reviewed the record submitted on appeal de novo, we affirm on the bases set forth in the district court's reasoned opinion, including the court's constitutional analyses, the failure of Elbert to show genuine issues of material facts on claims, the court's grant of qualified immunity, its denial of Elbert's motion for leave to amend, and its decision not to exercise supplemental jurisdiction over the remaining state law claims. Gosiger, Inc. v. Elliott Aviation, Inc., 823 F.3d 497, 501 (8th Cir. 2016) ("This court reviews de novo a grant of summary judgment."); Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 962 (8th Cir. 2015) ("We 'review the district court's denial of [a plaintiff's] motion for leave to amend for an abuse of discretion.'" (alteration in original) (quoting Horras v. Am. Capital Strategies, Ltd., 729 F.3d 798, 804 (8th Cir. 2013))), cert. denied, 136 S. Ct. 804 (2016); Shultz v. Buchanan, No. 15-1854, 2016 WL 3902653, at *5 (8th Cir. July 19, 2016) (affirming that this court reviews a district court's purely discretionary decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction for abuse of discretion); 8th Cir. Rule 47B.

---

review to counts 2 through 5 and alleged misconduct on October 22, 2010, and December 10, 2011, only. Elbert accurately points out that Harbrucker was not dismissed from the action in the court's March 25 order, and the August occurrence is specifically enumerated in count 4, so there remains some ambiguity surrounding the district court's narrowing of the issues to October 22, 2010, and December 10, 2011. Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010) (reiterating that pro se pleadings are afforded a liberal construction). We also include in our de novo review Elbert's false arrest and imprisonment claims stemming from the events on December 10, 2011, beyond the actions of Detective Gibbs. Inclusion of the August 21, 2011, and the false arrest and imprisonment allegations, however, does not alter the ultimate resolution of the case.