# IN THE COURT OF APPEALS OF IOWA

No. 24-1480
Filed September 4, 2025

**MSS CAPITAL, LLC,**
        Plaintiff-Appellee,

**vs.**

**JOE WEDEKING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Butler County, Colleen Weiland,

Judge.

        Joe Wedeking appeals a ruling in favor of MSS Capital, LLC on its claim for

specific performance and declaratory relief.  **AFFIRMED.**

        Megan R. Rosenberg of Cady & Rosenberg Law Firm, PLC, Hampton, for

appellant.

        Alison F. Kanne of Wandro & Associates, P.C., Des Moines, for appellee.

        Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Joe Wedeking appeals a ruling in favor of MSS Capital, LLC (MSS) on its claim for specific performance and declaratory relief following a contract dispute. Wedeking argues that he and MSS never mutually assented to the terms of the contract. Because the evidence supports the district court's determination that the parties manifested mutual intent, we affirm.

**I. Background Facts and Proceedings.**

In 2023, MSS offered to purchase a mobile home park from Wedeking. After negotiations, MSS sent Wedeking a revised purchase agreement that stated the offer would terminate at 5:00 p.m. on November 30. After the deadline expired, Wedeking consulted an attorney who advised that late acceptance of the offer would still create a valid contract. Wedeking signed the agreement on December 5, which his attorney sent to MSS along with documents required for due diligence.

Although MSS never challenged the validity of the signed purchase agreement, Wedeking insisted his late acceptance invalidated it and asked MSS to send him a new purchase agreement that he could sign within the deadline. MSS sent the new purchase agreement in a December 28 email that states, "We have agreed to sign a new purchase agreement that is within the timeframe before the agreement expires. The agreement attached expires on January 4, 2024." The only difference between the signed purchase agreement and the new one was the dates for closing and removal of Wedeking's personal property.

Wedeking never signed the new purchase agreement. In a recorded phone conversation, Wedeking told the owner of MSS that he had never intended to

complete the sale because the tax consequences of selling the property would decrease the value of the estate his children would inherit. Wedeking explained that he signed the purchase agreement on December 5 with the hope of prolonging negotiations to "keep the door open" for his children to sell the property to MSS after his death. When Wedeking signed the contract on December 5, he believed that his late acceptance rendered it invalid.

MSS petitioned the district court to declare the existence of an enforceable contract and order specific performance. Wedeking argued that the signed purchase agreement did not form a valid contract because the offer expired before he signed it and he never signed the new purchase agreement. After a bench trial, the district court found the agreement Wedeking signed on December 5 created a valid contract. Although Wedeking signed the agreement five days after the deadline passed, the court found that Wedeking's signature and submission of due diligence documents created a counteroffer, which MSS accepted, resulting in an enforceable contract. The court ordered Wedeking to perform under the terms of the purchase agreement he signed on December 5. Wedeking appeals.

## II. Standard of Review.

"Our standard of review in a declaratory judgment action usually depends on how the case was tried in the district court." *McNaughton v. Chartier*, 977 N.W.2d 1, 8 (Iowa 2022). The parties agree that our review is for correction of errors at law. We are bound by the trial court's factual findings if substantial evidence supports them, but we are not bound by its legal conclusions. *See Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 179 (Iowa 2010).

**III. Discussion.**

The question before this court is whether the parties manifested the required mutual asset to form a contract. *See Rick v. Sprague*, 706 N.W.2d 717, 724 (Iowa 2005) ("To be bound, the contracting parties must manifest a mutual assent to the terms of the contract."). An offer and its acceptance manifest the parties' mutual assent. *Id.* But unless the acceptance "conform[s] strictly to the offer in all its conditions, without any deviation or condition whatever," "there is no mutual assent and therefore no contract." *Id.* (citation omitted).

A party manifests assent through an intentional, communicative act of consent. Nancy S. Kim, *Relative Consent and Contract Law*, 18 Nev. L.J. 165, 175 (2017). Signing an agreement is an observable sign of consent. *See* Chunlin Leonhard, *The Inconsistencies of Consent*, 71 Cath. U. L. Rev. 699, 708 (2022). A party is thus bound by their signature in the absence of fraud or mistake. *Gouge v. McNamara*, 586 N.W.2d 710, 713 (Iowa Ct. App. 1998). The court determines whether the parties have mutually assented based on objective evidence rather than the party's hidden intent. *Schaer v. Webster Cnty.*, 644 N.W.2d 327, 338 (Iowa 2002). Thus, a party "is 'bound by the unconditional, unqualified undertaking manifested by his signature at the bottom of the contract, regardless of his secret reservations about the extent of his commitment.'" *Kuehl v. Freeman Bros. Agency*, 521 N.W.2d 714, 720 (Iowa 1994) (citation omitted).

By signing the purchase agreement, Wedeking showed he agreed to a contract with definite terms. *See, e.g.*, *Ziskovsky v. Ziskovsky*, No. 13-0360, 2014 WL 69620, at *3 (Iowa Ct. App. Jan. 9, 2014) (finding objective evidence of a contract when a written real estate agreement was signed by the parties, the terms

were sufficiently definite, and the duties and conditions of performance were ascertainable). Wedeking does not claim that MSS induced his signature by fraud, duress, or mistake. And his subjective intent for signing, to prolong negotiations, is not controlling. But "[t]he rule is well settled that in a contract by offer and acceptance, the acceptance must conform strictly to the offer in *all* its conditions, without any deviation or condition whatever." *Shell Oil Co. v. Kelinson*, 158 N.W.2d 724, 728 (Iowa 1968) (emphasis added). Wedeking argues that his acceptance did not conform strictly to the all the conditions in the purchase agreement because the offer expired before he signed it.

A party cannot accept an offer that has lapsed. 17 C.J.S. *Contracts* § 86 (May 2025 update). Nor can the offeror elect to regard acceptance of a lapsed offer as valid. Restatement (First) of Contracts § 73 (A.L.I. Oct. 2024 update). But that does not render Wedeking's signature inconsequential. We treat late acceptance as a counteroffer that can create an enforceable contract if accepted. *See id.*; *see also Flanagan v. Consol. Nutrition, L.C.*, 627 N.W.2d 573, 578 (Iowa Ct. App. 2001) ("[A]t common law an offer has to be accepted exactly 'as is' or the response amounts only to a counter-offer." (cleaned up)).

The district court found that Wedeking made a counteroffer by signing the purchase agreement and returning it to MSS along with due diligence documents. It also found that MSS promptly made clear to Wedeking that it accepted the counteroffer. Thus, sufficient evidence supports the district court's finding that the parties manifested mutual assent to the terms of that purchase agreement. Because the parties entered the contract before MSS sent Wedeking a revised purchase agreement in late December, we also agree that the revised purchase

agreement is of no consequence.  MSS only drafted that agreement at Wedeking's request, and essential terms like the purchase price were unchanged from those in the signed agreement.  We therefore affirm the district court's order.

Wedeking requests an award of $10,000 in appellate attorney fees.  "Ordinarily, an award of attorney fees is not allowed unless authorized by statute or contract."  *Homeland Energy Sols., LLC v. Retterath*, 938 N.W.2d 664, 707 (Iowa 2020).  Because Wedeking cites no basis for awarding appellate attorney fees, we deny his request.

**AFFIRMED.**